SHELL OIL COMPANY, Texaco Inc., Phillips Petroleum Company, Coastal States Gas Corporation and Gulf Oil Corporation, Mobil Corporation, Union Oil Company of California, Continental Oil Company, intervenors, Appellants,

v.

The DEPARTMENT OF ENERGY; James R. Schlesinger, Secretary, Department of Energy; The Energy Information Administration; Lincoln E. Moses, Administrator, Energy Information Administration; The Office of Management and Budget; James I. McIntyre, Jr., Director, Office of Management and Budget.

No. 79–2129.

United States Court of Appeals,
Third Circuit.

Argued Aug. 7, 1980.
Decided Sept. 8, 1980.

J. Wallace Adair, Roger C. Simmons, (argued), Stuart H. Harris, Marcia D. Welsch, Howrey & Simon, Washington, D. C., Thomas Herlihy, III, Herlihy & Herlihy, Wilmington, Del., for appellants.

A. M. Minotti, Houston, Tex., for Shell Oil Co.

Robert D. Wilson, White Plains, N. Y., for Texaco Inc.

Lewis J. Ottaviani, Bartlesville, Okl., for Phillips Petroleum Co.

B. Melvin Hurwitz, Washington, D. C., for Coastal States Gas Co.

John E. Bailey, Houston, Tex., for the Gulf Companies.

Charles F. Rice, New York City, for Mobil Oil Corp.

Edward A. McFadden, Schaumburg, Ill., for Union Oil Company of California.

David M. Francis, Mona A. Yoes, Houston, Tex., for Continental Oil Co.

Alice Daniel, Asst. Atty. Gen., Washington, D. C., James W. Garvin, Jr., U. S. Atty., Wilmington, Del., Michael Kimmel (argued), Atty., Civ. Div., Dept. of Justice, Washington, D. C., for appellees.

Before ALDISERT and SLOVITER, Circuit Judges, and RAMBO, District Judge.[*]

## OPINION OF THE COURT

PER CURIAM:

Eight energy producing companies brought this action to challenge the annual financial reporting requirement (Form EIA–28) promulgated by the Administrator of the Energy Information Administration (EIA) of the Department of Energy (DOE). The district court, on cross motions for summary judgment filed by the parties after discovery, entered summary judgment for the defendants, and the companies appeal.

In essence, the companies attack EIA's implementation of the Federal Reporting System (FRS) on two grounds. First, they claim that EIA has no authority to require them to create and report the information requested. Second, they claim that dissemination by EIA of the information to other federal agencies, particularly the Department of Justice (DOJ) Antitrust Division and the Federal Trade Commission (FTC), is unauthorized. The district court considered and rejected both arguments. *Shell Oil Co. v. Department of Energy*, 477 F.Supp. 413 (D.Del.1979).

■ With respect to the creation of the data required to be supplied on Form EIA–28, the Department of Energy Organization Act (DOE Act) explicitly mandates the Administrator of EIA to develop an energy–producing company financial report "designed to allow comparison on a uniform and standardized basis among energy–producing companies." DOE Act § 205(h)(2), 42 U.S.C. § 7135(h)(2) (Supp. II 1978). The statute also requires that the financial report shall be designed to permit, *inter alia*, "an evaluation of company revenues, profits, cash flow, and investments in total, for the energy–related lines of commerce in which such company is engaged and for all significant energy related functions within such company," *id.* § 7135(h)(2)(A), "an analysis of the competitive structure of sectors and functional groupings within the energy industry," *id.* § 7135(h)(2)(B), and "such other analyses or evaluations as the Administrator finds is necessary to achieve the purposes of this chapter," *id.* § 7135(h)(2)(E). One of the purposes of the chapter is "to foster and assure competition among parties engaged in the supply of energy and fuels." DOE Act § 102(12), 42 U.S.C. § 7112(12) (Supp. II 1978).

■ Plaintiffs argue that the data which Form EIA–28 seeks to elicit is requested solely for antitrust purposes because of the impermissible influence of the DOJ and FTC, and that the data is not needed for energy policy purposes. Judge Stapleton found that the DOJ and FTC participated in making suggestions with respect to the design and content of the report form, and that many of their suggestions were incorporated in the final version of the report form. He rejected plaintiffs' claim that this shows that EIA–28 pursues an improper purpose, noting that "no meaningful dichotomy can be drawn between energy planning data and information concerning the presence or absence of competition in the energy industry." *Shell Oil Co. v. Department of Energy*, 477 F.Supp. at 426. Since the statute itself shows that Congress saw a nexus between energy policy planning and competition, we cannot find that information which is sought because it may be relevant to antitrust policy and enforcement is, *ipso facto*, sought for an improper purpose. The district court stated that plaintiffs have failed to point out any specific inquiry of EIA–28 which is not designed to elicit information having value for

[*] Honorable Sylvia H. Rambo, of the United States District Court for the Middle District of Pennsylvania, sitting by designation.

energy policy planning purposes. *Id.* Plaintiffs, as appellants, have also made no such showing in this court. Implementation of the FRS by the EIA is discretionary agency action and the scope of judicial review, if any, is limited. *See* Administrative Procedure Act § 10, 5 U.S.C. §§ 701–706 (1976); *Littell v. Morton,* 445 F.2d 1207, 1211 (4th Cir. 1971). We find no basis to interfere with the agency's fulfillment of its statutory obligations to collect data. *See* Administrative Procedure Act § 6(c), 5 U.S.C. 555(c) (1976); *United States v. Morton Salt Co.,* 338 U.S. 632, 652, 70 S.Ct. 357, 368, 94 L.Ed. 401 (1950).

■ Plaintiffs' other major argument is that the EIA is not authorized to disseminate the information collected to other federal agencies. Specifically, plaintiffs seek to prevent distribution of the information to the DOJ Antitrust Division and the FTC who may use that information for antitrust enforcement purposes. Plaintiffs claim that the distribution to other agencies is prohibited by the Trade Secrets Act, 18 U.S.C. § 1905 (1976). That statute bars only those disclosures which are "not authorized by law." The defendants point to a number of sources as providing the statutory authorization for such disclosure. Primarily, they rely on two provisions of the Federal Energy Administration (FEA) Act: section 52 of the FEA Act, enacted in 1976, which directs the FEA's office of Energy Information and Analysis, now the EIA, to establish a "National Energy Information System" containing energy information "appropriate to meet adequately the needs of" the Department of Energy, the Congress, and other agencies of the government having "energy–related policy decisionmaking responsibilities," 15 U.S.C. 790a(a)(3) (Supp. II 1978), and section 12(f) of the original 1974 FEA Act, 15 U.S.C. 771(f) (1976), which directs the Comptroller General or the [EIA] Administrator, to disclose information "to other Federal Government departments, agencies, and officials for official use upon request." The district court persuasively analyzed the relevant statutory provisions in light of the contentions of the parties. *Shell Oil Co. v. De-*

*partment of Energy,* 477 F.Supp. at 425–437. We affirm, essentially for the reasons stated by the district court.

The judgment of the district court will be affirmed.